

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| AMY GONZALEZ<br>     *Plaintiff.*<br>v.<br><br>DISH NETWORK, L.L.C.<br>     *Defendant.* | CIVIL ACTION NO.<br><br>**4-15CV-604-0**<br><br>TRIAL BY JURY DEMANDED |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Amy Gonzalez, complains of DISH Network, L.L.C. Defendant, and for cause of action would respectfully show as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by individual, Plaintiff Amy Gonzalez against Defendant DISH Network, L.L.C. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii).

2. Plaintiff sent Defendant a written communication via United States Postal Service Certified Mail with instructions to not call her cellular telephone number. Defendant continued calling Plaintiff cellular phone number after receiving the written communication.

3. Plaintiff contends that the Defendant has acted voluntarily, intentionally and under its own free will and knew or should have known that Defendant was engaged in acts that constitute violations of the several statutes.

## JURISDICTION AND VENUE

4.   Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3).

5.   This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state.

6.   Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(b)(3) .

7.   Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.

## PARTIES

8.   The Plaintiff in this lawsuit is Amy Gonzalez (Mrs. Gonzalez), a natural person and a citizen of Tarrant County, Texas.

9.   Defendant in this lawsuit is DISH Network, L.L.C. (herein after "DISH Network") a company with principal office at 9601 S. Meridian Blvd., Englewood, CO 80112.

10. DISH Network may be served with process by serving: Corporation Service Company d/b/a CSC-Lawyers, Inco., 211 E. 7th Street, Suite 620, Austin, TX 78701.

## FACTUAL ALLEGATIONS

11. The telephone number (817) 909-8558 is assigned to a cellular telephone belonging to Mrs. Gonzalez.

12. The following telephone numbers are assigned to DISH Network:

    1.   (877) 611-0614
    2.   (844) 627-0409
    3.   (866) 668 8047

13. On April 02, 2015 at 11:14 a.m., DISH Network received Mrs. Gonzalez written communication via United States Postal Service Certified Mail requesting DISH Network to not contact her on her cellular telephone number (817) 909-8558 and all communication be in writing.

14. DISH Network called the cellular telephone number (817) 909-8558 on the following dates and times and left pre-recorded messages:

    1. April 06, 2015 at 12:46 p.m.
    2. April 07, 2015 at 05:13 p.m.
    3. April 08, 2015 at 03:57 p.m.
    4. April 13, 2015 at 06:29 p.m.
    5. April 14, 2015 at 12:56 p.m.
    6. April 16, 2015 at 12:32 p.m.
    7. April 17, 2015 at 12:57 p.m.
    8. April 24, 2015 at 12:12 p.m.
    9. April 28, 2015 at 11:43 a.m.
    10. April 29, 2015 at 12:07 p.m.
    11. May 06, 2015 at 10:41 a.m.
    12. May 21, 2015 at 12:59 p.m.
    13. May 22, 2015 at 07:28 p.m.

15. On April 30, 2015 at 11:34 a.m., Mrs. Gonzalez answered the telephone call and was greeted with a pre-recorded message.

16. On May 04, 2015 at 07:48 p.m., Mrs. Gonzalez answered the telephone call and was greeted with a long period of silence before a representative came on the line. Mrs. Gonzalez stated, "Stop Calling".

17. DISH Network placed a total of (15) fifteen calls that Mrs. Gonzalez has documented and is aware of. Each of the (15) fifteen calls placed by DISH Network occurred after receiving Mrs. Gonzalez written communication to cease all telephone calls to her wireless telephone number.

18. DISH Network used an automatic telephone dialing system to dial Mrs. Gonzalez wireless cellular phone as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1).

19. DISH Network called Mrs. Gonzalez cellular telephone number for a non-emergency

purpose.

20. Mrs. Gonzalez had a prior established relationship with DISH Network but revoked any

express permission to contact her cellular telephone number.

21. Mrs. Gonzalez attempted twice to mitigate damages in this matter with DISH Network

before commencing legal action and DISH Network failed to respond.

22. The acts alleged herein all took place in Tarrant County, Texas in that the

communications were received there.

## COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A) BY DEFENDANT DISH NETWORK, L.L.C.

23. Paragraphs 1 through 22 are re-alleged as though fully set forth herein.

24. Mrs. Gonzalez and DISH Network at this time do not have an established business

relationship within the meaning of 47 U.S.C. §227(a)(2).

25. DISH Network called Mrs. Gonzalez cellular telephone using an "automatic telephone

dialing system" within the meaning of 47 U.S.C. §227(a)(1).

26. 47 U.S.C. §227(b)(1)(A) which states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be *unlawful for any person* within the United States, or any person outside the United States if the recipient is within the United States—

(A) *to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—*

27. In each telephone communication referenced in ¶14, ¶15, and ¶16 DISH Network has

demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by

using an automatic telephone dialing system or used a telephone dialing system that has

the *capacity* to automatically call the Mrs. Gonzalez cellular telephone number (817)

909-8558, which is assigned to a cellular telephone service *with no prior express consent*

and for *no emergency purpose*.

**WHEREFORE**, Mrs. Gonzalez prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or
   admission from the Defendant(s) that they violated the Telephone Consumer
   Protection Act;

b) Awarding Mrs. Gonzalez statutory damages, pursuant to 47 U.S.C §227(b)(3)(B);
   which states in part: an action to recover for actual monetary loss form such a
   violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Mrs. Gonzalez statutory damages, pursuant to 47 U.S.C §227(b)(3)(C);
   which states in part: If the Court finds that the Defendant willfully or knowingly
   violated this subsection or the regulations prescribed under this subsection, the Court
   may, in its discretion, increase the amount of the award to an amount equal to not
   more than 3 (three) times the amount available under subparagraph (B) of this
   paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

## <u>COUNT II</u>

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT DISH NETWORK, L.L.C.

28. Mrs. Gonzalez alleges and incorporates the information in paragraphs 1 through 27.

29. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > >
> > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

30. In each telephone communication referenced in ¶14, ¶15, and ¶16, DISH Network has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Mrs. Gonzalez number (817) 909-8558, which is *assigned to a cellular telephone service.*

**WHEREFORE,** Mrs. Gonzalez prays for relief and judgment, as follows:

e) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

f) Awarding Mrs. Gonzalez statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

g) Awarding Mrs. Gonzalez statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part:  If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

h) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Mrs. Gonzalez is entitled to and hereby demands trial by jury.

Dated:  August 06, 2015

Respectfully Submitted,

Amy Gonzalez
416 Chatamridge Court
Fort Worth, TX 76052
(817) 909-8558
gonamyleigh@yahoo.com